IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.12-cv-01068-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

DOSSIE L. HOWARD, III,

    Applicant,

v.

FLANNIGAN COURTHOUSE Ctr. 3-H, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO], John Sut[h]er[s],

    Respondents,

## ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

    Applicant has submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  The Court has reviewed the § 2254 Application and it appears that he is challenging the execution of his sentence.  Mr. Howard alleges that on January 27, 2012, he was sentenced to serve 365 days in prison, to run concurrently with a previous 365-day sentence he received on December 22, 2011, with 180 days suspended.  He claims that his sentences have been served and that he should be released immediately.

    "Petitions under § 2241 are used to attack the execution of a sentence, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996), in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence."  **See McIntosh v. United States Parole Comm'n**, 115 F.3d 809, 811 (10th Cir. 1997).  Accordingly, to the extent Mr. Howard is challenging the execution of his

state court sentences, his remedy is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the submitted documents are deficient as described in this order. Applicant will be directed to cure the following if he wishes to pursue his claims.  Any papers that the Applicant files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1)  _X_   is not submitted
(2)  ___   is missing affidavit
(3)  ___   is missing <u>certified</u> copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  _X_   is missing certificate showing current balance in prison account
(5)  ___   is missing required financial information
(6)  ___   is missing an original signature by the prisoner

(7)  ___   is not on proper form (must use the court's current form):
(8)  ___   names in caption do not match names in caption of complaint, petition or habeas application
(9)  _X_   other: Motion is necessary only if $5.00 filing fee is not paid in advance.

**Complaint, Petition or Application**:

(10) ___   is not submitted
(11) ___   is not on proper form (must use the court's current form)
(12) ___   is missing an original signature by the prisoner
(13) ___   is missing page nos. ___
(14) ___   uses et al. instead of listing all parties in caption
(15) ___   names in caption do not match names in text
(16) ___   addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) _X_   other: Application is submitted on incorrect form

Accordingly, it is

ORDERED that the Applicant cure the deficiencies designated above **within**

**thirty (30) days from the date of this order**.  Any papers which the Applicant files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if the Applicant fails to cure the designated deficiency  **within thirty (30) days from the date of this order**, the Application and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED: April 23, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge