IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01068-BNB

DOSSIE L. HOWARD,

    Applicant,

v.

DENVER SHERIFF DEPARTMENT,

    Respondent.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION
AND ORDER TO SHOW CAUSE

    Applicant, Dossie L. Howard, is incarcerated at Denver Van Cise-Simonet Detention Center in Denver, Colorado. Mr. Howard initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court construed Plaintiff's allegations liberally as arising under 28 U.S.C. § 2241, rather than § 2254, and directed Mr. Howard to submit his claim on an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Mr. Howard filed the appropriate Application on May 7, 2012. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe the Application liberally because Mr. Howard is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Howard will be ordered to file an amended application. Mr. Howard will also

be ordered to show cause why the Application should not be dismissed for failure to exhaust state remedies.

**I. Order to Amend**

The Court has reviewed the Application and finds that it is deficient. Mr. Howard fails to assert a claim that complies with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Howard's Application is vague and unintelligible. It appears from his initial pleading that Mr. Howard is challenging the execution of two sentences, one of which was imposed pursuant to a judgment of conviction entered in the Denver District Court on January 27, 2012. Mr. Howard alleges that the state court ordered a sentence of 365 days to run "concurrent with a prior sentence of 365 days." (ECF No. 1, at 2). He complains that he is being forced to serve the sentences consecutively, in violation of double jeopardy. (*Id.* at 5-6). However, Mr. Howard does not state any of these factual allegations or assert a claim for relief in his § 2241 Application filed on May 7, 2012

(ECF No. 10). Although Mr. Howard has failed to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file an Amended § 2241 Application.

## II. Order to Show Cause

Mr. Howard alleges in the § 2241 Application that he is "in the process of exhausting all state remedies." (ECF No. 10, at 2).

A state prisoner generally is required to exhaust state court remedies prior to seeking relief pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir.1986). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The district court may raise the issue of exhaustion of state remedies *sua sponte* when the petitioner's failure to exhaust is clear from the face of the Application. *See Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009).

## III. Order

Accordingly, it is

ORDERED that Mr. Howard file, **within thirty days from the date of this Order**,

an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that complies with the requirements of Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that Mr. Howard shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Howard fails within the time allowed to file an Amended Application as directed, the action will be dismissed without prejudice and without further notice.   It is

FURTHER ORDERED that Mr. Howard shall show cause in writing, **within thirty (30) days of the date of this Order**, why his claims should not be dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that if Mr. Howard fails to show cause within the time allowed, the Application will be dismissed without further notice.

DATED May 11, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge