IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01068-BNB

DOSSIE L. HOWARD III,

    Applicant,

v.

STATE OF COLORADO, and
DENVER SHERIFFS DEPT.,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Dossie L. Howard, III, is incarcerated at Denver Van Cise-Simonet Detention Center in Denver, Colorado. Mr. Howard initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court construed Plaintiff's allegations liberally as arising under 28 U.S.C. § 2241, rather than § 2254, and directed Mr. Howard to submit his claim on an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Mr. Howard filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on May 7, 2012. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    In an Order entered May 11, 2012, Magistrate Judge Boyd N. Boland determined that the Application was deficient because it failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland thus ordered Mr. Howard to file an amended Application within thirty (30) days. Magistrate Judge Boland further ordered Mr. Howard to show cause, in writing and

within thirty days, why this habeas proceeding should not be dismissed for failure to exhaust state court remedies.   (*See* ECF No. 12).  On May 14, 2012, Applicant filed a letter with the Court (ECF No. 15) stating that he is attempting to exhaust his remedies in the state courts through a Colo. Crim. P. Rule 35 motion and a motion filed under Colorado Rules of Civil Procedure 106.  Applicant filed an amended Application on May 18, 2012 (ECF No. 16).  On May 22, 2012, Mr. Howard filed another letter with the Court stating that he had filed a Motion for Post Conviction Relief Pursuant to Rule 35(a) in the Denver County Court on May 21, 2012.

The Court must construe the Application liberally because Mr. Howard is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Application will be dismissed without prejudice for failure to exhaust state court remedies.

**I. Amended Application**

Mr. Howard alleges in his Amended Application (ECF No. 16) that he was convicted of shoplifting in the Denver County Court on January 27, 2012, while he was serving a 380-day sentence for a prior conviction.  (*Id.* at 2 of 23).  He claims that his shoplifting sentence is illegal and should run concurrently with his earlier sentence.  (*Id.* at 2-3).  He further asserts that he did not receive any pre-sentence confinement credit.  (*Id.* at 2).  Mr. Howard also alleges that there was insufficient evidence to support his shoplifting conviction.  (*Id.* at 3)

Mr. Howard's Application appears to be challenging both the validity of his

conviction and sentence and the execution of his sentence. As such, his claims arise under 28 U.S.C. § 2254 and § 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (stating that § 2241 petitions are used to attack the execution of a sentence, in contrast to § 2254 habeas proceedings, which are used to collaterally attack the validity of a conviction and sentence.)

## II. Exhaustion of State Remedies

A state prisoner generally is required to exhaust state court remedies prior to seeking relief pursuant to 28 U.S.C. § 2241 or § 2254. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Howard stated in his § 2241 Application filed on May 7, 2012 (ECF No. 10), that he was "in the process of exhausting all state remedies." (*Id.* at 2 of 6). In his May 14, 2012 letter responding to Magistrate Judge Boland's Order to Show Cause entered May 11, 2012, Mr. Howard states that he is "trying to exhaust states remedies with Complaint Pursuant to Rule 106, C.R.C.P. and also a motion for ineffective counsel

35A." (ECF No. 15).  In the amended Application filed on May 18, 2012 (ECF No. 16), Mr. Howard again represents that he has not exhausted state court remedies for his claims.  *Id.* at 3 of 23.  He further states in the amended Application that he has "sent several motions to the [state] court, but I've not received any response from the courts."  *Id.*  Finally, Mr. Howard submitted a letter with the Court on May 22, 2012, to which he attached a Motion for Post Conviction Relief Pursuant to Rule 35(A), that he filed in the Denver County Court on May 21, 2012.  (ECF No. 17, at 2-3 of 4).

In short, Mr. Howard has stated clearly and unequivocally in his amended Application and other filings that he is in the process of attempting to exhaust his remedies in the state courts and that the state courts have not yet resolved his claims. The Application, therefore, will be dismissed for failure to exhaust state court remedies. *See Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009) (recognizing that the district court may raise the issue of exhaustion of state remedies *sua sponte* when the petitioner's failure to exhaust is clear from the face of the Application).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Howard files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Howard has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Howard may file a motion with the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  29th  day of    May         , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court